In this case we'll hear is Pocono Mountain School District v. T.D. Mr. Friend Good morning Judge Strepel Good morning Judge Roth May it please the Court My name is John Freund I represent the Pocono Mountain School District and with me is my colleague and co-counsel Hisel Your Honor, as we bring you today something not quite as sensational as the last case but important nevertheless This case involves a question of the degree and parameters by which we believe the Court should determine or not determine eligibility I won't go into Let me start at the end I'm sorry Let me start at the end Yes, I think that's a good question What relief are you specifically asking for? What we're asking for is to have the District Court's determination of I.D.A. eligibility reversed and we are asking to have the balance of his opinion affirmed and denial of all relief And what about the money? Are you going to ask that the money come back to the school district that has already been paid? Well, that's a decision the district is going to have to make but that's usually a rather difficult venture No, we're not asking the Court to order Okay, so Mr. Freund Yes, Your Honor This case is unusual procedurally between the I.D.A. and Section 504 of the Rehabilitation Act and the Pocono Mountain School District has paid the tuition reimbursement that was ordered by the hearing officer And actually, Judge, if I could add that money was paid not so much under that order but under pendency We were obligated to pay it no matter win or lose It's correct that you paid it under pendency It's been paid Yes, Judge It's been paid You just said you're not asking to get it back Why is it that particular question moot? Judge, I think for two reasons That question, I think that this is a case as are many of the cases that involve tuition reimbursement or cases in which a parent places a child in a private school and we have this pendency issue Those cases are inevitably capable of repetition and avoidance The student who went to the private Notre Dame Academy TV's back in the Pocono Mountain School District And I know you're making the argument here that it's capable of repetition But it seems to me that's going to be a separate case if that would occur And your question here is whether or not it seems to me whether or not I'm not sure what the question is You paid the tuition reimbursement You're not asking for it back And I don't see how that is capable of repetition Okay, well, as far as the school district is concerned The matter is certainly not moot We are looking at a substantial prevailing party fee claim here If the district courts We believe erroneous determination is not corrected On the IDEA On the IDEA, yes If we find that this case was moot It would be appropriate for us to vacate The district court's determination under the IDEA And at that point The question of attorney's fees would be dependent on whether or not TD could argue that they were a prevailing party But that wouldn't necessarily flow from Our decision It would flow from the entire record Well, I think you're correct on that, your honor But in terms of, once again The posture of these cases in which Kids are placed in private schools And districts are required to Essentially Pay the tuition under pendency It really renders them kind of helpless with regard to Having a correct adjudication of the rights and obligations I hear what you're saying there But it sounds an awful lot to me like you're asking us for an advisory opinion For cases like this So, isn't this a legislative matter Rather than a judicial matter? I don't believe so, your honor I mean, our primary concern here was With the determination That the district court made Absent any evidence in the record That the child was eligible And so we feel that both under The general The general principles that all courts have announced With regard to not second-guessing or Giving discretion to educational experts And also the modified de novo review standard We think that the judge Did not follow those standards And in fact circumvented the statutorily required Procedure for determining eligibility The judge did find that the child was in need of special services, right? And you're saying there was no evidence in the record to support that? Absolutely not, judge Absolutely not There were seven Evaluations Of this child Not one of them Not one of them found ineligible Some of those evaluations were the parents' evaluations Some of them were independent Some of them were from the school All during the time that he was at Pocono Mountain He was neither identified under IDEA Nor under section 504 It wasn't until he was in Notre Dame for almost a year That he was identified as 504 While he was at Pocono School District There was a sense of emotional disturbance Of the emotional effect That his stress condition was having on his eyes That this was affecting his ability to get his schoolwork done And that this emotional condition needed treatment Now, isn't that covered by IDEA? Well, it could be covered, your honor However, there are statutory procedures that are spelled out Including full evaluations on various scales Those evaluations were done by psychologists, educational experts Including the neuropsychologists hired by the parents And none of them felt that those problems Warranted eligibility under either statute My colleague here, who's been practicing special ed for many, many years Likes to say, you need not only the name, you need the game In other words, the two-prong determination And here, there's simply no evidence of the second prong We're not disputing this diagnosis of anxiety Or a conversion reaction or hysterical amyloid opioid We have no basis to challenge that What we are saying is that The process for determining eligibility is set out In the statute, in the law, in the practice And it was circumvented here by the district court That's what we're saying In fact, that's all we're saying What about the 26 days of compensatory education? I think that that falls with the IDEA So they rise and fall together We believe that, Your Honor Can I ask for five minutes? I'm sorry if I didn't do that No, okay, we'll give you five minutes Did you properly raise that? I think we did, Your Honor I mean, that was implicit Before you have compensatory education You have to have the violation of fame And I believe that we did raise that Both in the IDEA and in the section 504 I think we fully argued that I think that was assumed So we'd ask the court to reverse the court Dismiss any relief And it's no quibble with the 504 finding Well, we do, yeah There was no basis 504 and IDEA essentially have the same type of test They're different statutes, of course But they have the same type of test Once again, you need the name and a gain And the gain wasn't there You don't quibble with the fact that You had to have deliberate indifference to get 504 relief Oh, no, that was our position all along That's why we took exceptions from the magistrate judge's opinion You're not quibbling with the fact that TD is eligible for 26 hours of compensatory education Under section 504 Oh, yes, we are, absolutely Absolutely, there's no... Where did you make that argument? That argument is implicit, Your Honor, throughout our brief It's implicit throughout our brief In fact, in addition We feel that the brief adequately sets forth the position that Not only do you need deliberate indifference For tuition reimbursement But for any monetary damage whatsoever Including compensatory education In fact, there are no cases cited There are no cases that we are aware of Under 504 presenting the contrary I'm sorry, Your Honor How do you cite with an implicit argument? I mean, we want to say Where in the brief do you say It's implicit throughout our brief I find it difficult to focus on an implicit argument When I'm really not quite sure where it is I don't have the brief here in front of me So I can't point to the page But I think that you'll see that in our brief We make the argument that Compensatory education should rise and fall With the determination of eligibility And the eligibility under 504 and under IDEA Are substantially identical And is this identified in the issue Before the court and the brief? Again, Your Honor I believe it's implied, yes Absolutely And if we were challenging We're not challenging the amount of Compensatory education done We're challenging the basis upon which That finding of either compensatory education Or tuition reimbursement is made And that's implicit throughout our argument Well, how can you say, Your Honor Isn't... isn't... go ahead Yeah, go ahead Go ahead, Judge Roth Okay Isn't tuition... isn't tuition relief Isn't that an equitable remedy? Well, whether it's equitable or not It's compensatory And I believe the cases Specifically cited in the brief And also in the underlying opinion Have said that That tuition reimbursement is in fact A compensatory damage under 504 And not under IDEA I'm sorry, Judge I'm sorry If it is an equitable remedy It does not mean indifference Your Honor, I beg to differ I think that that is wholly a semantic argument And once again, there are cases cited Both by the district court and in our brief That make it clear that under 504 Tuition reimbursement Should be considered a compensable damage And not an equitable remedy So, thank you  Mr. Gehring, good morning Good morning, Your Honors Good morning, Judge Roth May it please the Court I'm Michael Gehring And I'm here on behalf of the family in this case T.D. and his mother Your Honor, this case is moot The tuition reimbursement... You're saying across the board it's moot? The tuition reimbursement aspect of this case is moot The school district argued the only issue before the Court This Court Is the issue of compensatory education Which is waived and I will get to that They also made an argument on prevailing party relief Your Honor, they said in their reply brief The award of tuition reimbursement is not before this Court You don't have to decide it By saying that, they're saying you should affirm the district court's finding on that  Are they saying that? I believe they are, Your Honor I thought that their arguments indicated They continue to disagree with the district court's position under the IDEA But even if they... Regardless of that, the case is moot because they paid tuition reimbursement Your Honor, they paid tuition reimbursement because the hearing officer ordered them to do so And under the pendency provision The pendency provision required them to do that, did it not? The pendency only kicks in once we prevail in the administrative hearing Which you did We did Which you did And they paid And they paid So we prevailed in the administrative hearing They paid the tuition because they were ordered to do so And also under pendency In the district court Was that paid before the district court decided this case? I believe it was, Your Honor Okay, so if we agree with you that the case was moot In actuality, it was moot before the district court decided If you go by their argument that paying the tuition reimbursement moots the case But they certainly didn't argue that in the district court, Your Honor We went through extensive briefing And they argued vociferously that it was... This issue needed to be decided And they got up and threw several rounds of briefs before this court And in the last round they said Actually, Your Honors, we don't need to decide this issue This award of tuition reimbursement is not before this court Therefore, it's our position that Tuition reimbursement having been awarded by the district court And by the hearing officer You should take Mr. Fornietta's word And affirm that award Your Honor, Section 504 Compensatory education argument They deemed to raise implicitly Is waived at every aspect of this proceeding, Your Honors They never challenged the award of compensatory education In their opening brief You can look backwards and forwards in that It's just not there All they challenge is IDA eligibility And the award of compensatory education By the district court and by the hearing officer Was not under IDA It was under Section 504 And we've cited that in our briefs And I can cite it again, Your Honors The hearing officer Pages record 040-44 Awards tuition reimbursement under Section 504 The district court, A107-112-121 Says three separate times Tuition reimbursement, I'm sorry Compensatory education was awarded under Section 504 Not under IDA Therefore, whether TD is eligible under IDA or not Has nothing to do with the award of compensatory education That award was under Section 504 However, whatever they say about IDA eligibility Has nothing to do with that award And you will find no argument anywhere in their briefs Specifically setting forth why the award of tuition Award of compensatory education should be reversed They do not argue that TD was not eligible under Section 504 Let me stop you right there Pocono filed the initial appeal to this court Yes What was the basis for your cross appeal? The basis of our cross appeal, Your Honor Is the district court's findings That deliberate indifference was required To establish, to be eligible for tuition reimbursement Under Section 504 Which is directly contrary to Supreme Court case law And prior law of this court The court's finding that TD was There was insufficient evidence in the record That the district was deliberately indifferent to TD's needs So our arguments all go to tuition reimbursement And to the extent that that is a live issue before this court Those issues need to be decided If tuition reimbursement is not an award before this court As Mr. Freund has argued in his brief Then the court does not need to reach those issues Simply put, the award of compensatory education Is not before this court Mr. Freund got up and said for the first time That I've heard from him in his briefs And from anybody That award of compensatory education under Section 504 Requires a showing of deliberate indifference That's the first time I've heard that There's no case law supporting that They did not argue that The award of tuition The district court found that an award of tuition reimbursement Is akin to compensatory damages And requires a showing of deliberate indifference Under Section 504 The court made no such ruling with regards to The award of compensatory education So there is simply no basis whatsoever To reverse or even look at or even examine The court's award of tuition Of compensatory education under Section 504 Your Honor, there is abundant evidence in the record Despite what Mr. Freund said That TD That supports the district court's determination That TD was an eligible student under IDA The evaluation reports that the district relies on For the most part were authored by them And those reports Until Actually, I don't think a single report authored by the district Found that TD was even a handicapped or disabled student They denied all along that he had any disability In December 2013 When he was at Notre Dame When Dr. Katchmar issued his report Finding that TD was an eligible student under IDA Under the disability category, emotional disturbance And required special education services That is directly in his report And that's what the district court relied upon Even after that report, the district said He's not even disabled He doesn't have a handicap There's nothing wrong with him That is strictly wrong And that's been wrong throughout this They rely on their own inadequate and inappropriate evaluations And the hearing officer and the district court Both found that the district's evaluation was inappropriate Based on that, they say that there's no eligibility Well, Dr. Katchmar Not only looked at all the previous evaluations All the previous school district records Did questionnaires to the parents Talked to TD's teachers at Notre Dame Got updated information This was shortly after he entered Notre Dame And found he was an IDA-eligible student Who required special education services And that's what the district court relied upon So there's a clear basis in the record To support the district court's findings in that regard However, Your Honor Again, we don't think the court necessarily needs to get to that issue Why? Because And to the extent the court is going to examine The tuition reimbursement award The case law is clear The Supreme Court's law is clear That an award of tuition reimbursement For denial of a free or appropriate public education Or FAPE Is not an award of compensatory damages The court in Burlington And Carter and Forest Grove Made that very clear Judge Fisher, Your Honor In the Chambers case Which we've cited In our brief This is at 587 F3rd at 184 Discusses the Burlington and Carter decisions And then says the court, referring to the Supreme Court Made clear that the IDA authorized such a monetary award Precisely because it did not constitute damages It would not be awardable in a due process hearing If it was compensatory damages It was only the fact that the Supreme Court held that It was not compensatory damages That means it is awardable in an IDA proceeding It is awardable in a Section 504 proceeding For denial of FAPE And that's what we're asking for here, Your Honor An equitable educational remedy For denial of a free or appropriate public education This is not putting money in the parents' pockets This is not money for pain and suffering and emotional damages This is to reimburse the parents for expenses that they incurred Because the school district Did not provide the services and education that was required to do so It's an equitable remedy to put the parents back And the student back in the same position he would have been If the school district had fulfilled their obligations to begin with It's simply not an award of compensatory damages The Supreme Court and this prior law of this court have said so In the SH case, which is where the court For the first time imposed a deliberate indifference standard For awards of compensatory damages under Section 504 The court made it very clear The other side in that case argued Well, but tuition reimbursement has been awarded That's compensatory damages And the court said no Compensatory damages Tuition reimbursement is not compensatory damages The Supreme Court has said so And we're not positioned to say otherwise So let me back up Since you said earlier that if we affirm on IDEA We have to get to 509 Your Honor, if TD is eligible If the court affirms the district court's award Finding that TD is IDEA eligible Then by definition deliberate indifference is not required And that award should be affirmed So we don't have to go there Yes, Your Honor The only distinction between the two awards Under the district court's reasoning, which is erroneous Is that one requires a showing of deliberate indifference Right And one doesn't The court found that because he's IDEA eligible We don't need to show deliberate indifference But the court also discussed Under 504, deliberate indifference is required Which we think is completely contrary to the case law To help me understand The various procedural steps here Before the hearing officer, you prevailed Yes Your client prevailed under Section 504 Yes Okay So having prevailed Why did you file the initial complaint in the district court? Your Honor, under IDEA You are allowed to seek relief From any adverse ruling by a hearing officer We were happy with the award of tuition reimbursement We believe we were awards Eligible for an award of additional compensatory education We also knew the school district was going to appeal And so we were putting all the issues before the court But the hearing officer granted you tuition reimbursement They granted compensatory education Yes, we believe we were entitled to more compensatory education Additional compensatory education Yes, going back for a year prior to that Okay, all right So both sides were seeking relief in front of the district court We also filed a damages case Seeking additional non-educational relief For emotional damages, etc. That case was settled between the parties And we informed the district court of that So the court only went forward on the educational claims In order to support In order for the district court to support Its finding of eligibility under IDEA It had to rely on the Kachemar report Among other things, Your Honor, yes But how could the district court Under the modified De Novo review standard That both the district court and our court Are required to give to the hearing officer's evaluation How could the district court Have ignored the independent determinations By independent and by the Poconos School District The evaluations that concluded that TD was not eligible Your Honor, I don't believe the court ignored any of those reports It took them into consideration The court focused on the fact that the school district Found that TD was not even a handicapped or disabled student Which clearly is not worthy of belief And that colored all their earlier reports The one independent report by Dr. Hoover From April 2013 Specifically found that TD was disabled Had conversion disorder and anxiety disorder But left it to the school district IEP team To determine eligibility one way or the other But aren't the federal courts Required to give deference to those administrative findings? It's a modified De Novo review, Your Honor And we need to make The court is required to give deference To factual findings from the hearing officers I would argue that IDE eligibility Is not a factual finding per se It's at best a mixed question of fact and law It's taking into account the facts in the record What legal conclusion do you draw from that? And the district court found that TD in fact Needed special education services Based on Dr. Kachmar's report and other evidence If you look at Dr. Shillabier's report from later that year Dr. Shillabier found that And this was after Thomas had been at Notre Dame for nearly a year And it was a much more appropriate setting for him And he made a lot of progress Especially after the first several months of the year Even at that point Dr. Shillabier Found that Thomas was definitely 504 eligible And specifically set forth several areas In which Thomas would benefit from specialized instruction Including in executive functioning, organization Emotional control, instruction, special education So at that point he found that Thomas wasn't IDE eligible But it certainly reinforces Dr. Kachmar's report From many months earlier, shortly after TD started at Notre Dame That at that time Thomas was IDE eligible There's certainly sufficient evidence in the record to support that finding Thank you Thank you, your honor Please record Not wanting to add any more complications to this Rather intricate case Mixed with issues and facts I just want to point out With regard to the question of compensatory education With the Chambers case In fact, every case we could find Regarding this, that spoke to this issue Found compensatory education Not to be compensatory damages in the context of IDEA And that's because while these statutes are similar We deal with these as the court does all the time And it's a frustrating kind of mystical relationship The two statutes have together But they are in fact different statutes And there is no logical or legal reason To treat compensatory education any differently Than tuition reimbursement Or any other potential award under 504 As requiring deliberate indifference Thank you Let me ask you Your colleague is arguing that if we affirm on IDEA We don't need to get to the 509 issue Do you agree? The 504 issue? 504, I'm sorry 509 504 504 Okay I'm not sure that I understood his argument in that regard You're saying that if the court affirms on the IDEA You don't need to get to the other issues That's probably true Because he would be entitled to Under the IDEA He would be entitled to compensatory education Or he could be It could be Entitled to compensatory education Without any finding of deliberate indifference Yes But not under 504 It's a different statute Thank you Thank you Thank you everybody For the briefs and the argument We will take this under advisement And get back to you shortly